IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

RANDY LEE BELL                                                              PLAINTIFF

VS.                                              CIVIL ACTION NO. 3:19CV036-MPM-RD

TALLAHATCHIE COUNTY, MISSISSIPPI;
WEST TALLAHATCHIE SCHOOL DISTRICT;
TALLAHATCHIE SHERIFF'S DEPARTMENT;
AND JOHN DOES 1-10                                                          DEFENDANTS

---

AMENDED COMPLAINT
THE PLAINTIFFS DEMAND A TRIAL BY JURY

---

COMES NOW, the Plaintiff in the above styled and numbered civil action, who by and through counsel of record, Bobby Moak, file this Amended Complaint against the aforementioned Defendants. In support of the same, the Plaintiff states, avers and gives notice of the following:

PARTIES

1. Randy Lee Bell was severely injured at the hands of the Defendants listed below.

2. Plaintiff Randy Lee Bell is an adult resident citizen of Mississippi and should be entitled to recover for damages made on him.

3. Defendant, Tallahatchie County may be served to Anita M. Greenwood, Chancery Clerk and on behalf of Tallahatchie County Chancery Clerk's Office at 1 Main Street, Charleston, Mississippi 38921.

4. Defendant, West Tallahatchie School District may be served with lawful process to Christopher Furdge, Superintendent at 1096 Friendship Road West, Sumner, Mississippi 38957.

5. Defendant, Tallahatchie Sheriff's Department may be served to Sheriff William L.

1

Brewer, Jr., acting as Sheriff on behalf of Tallahatchie Sheriff's Department on Main Street in Charleston, Mississippi.

6.      Defendants John Does 1-10, whose identities are unknown to the Plaintiff at this time, are upon information and belief deputies of the TALLAHATCHIE County Sheriff's Department, and/or persons employed by TALLAHATCHIE County in a law enforcement or law enforcement support capacity, and/or individuals who participated in the events that led to damages to Randy Lee Bell. All allegations and claims asserted herein against the named Defendants are incorporated herein by reference against John Does 1-10.  Said John Does 1-10, when their identities become known, will be identified by name and joined in this action, if necessary, pursuant to the Mississippi Rules of Civil Procedure.

7.      When the word "Defendants" is used herein, it is meant to refer to all real and fictitious Defendants mentioned in the style of this Amended Complaint.

<u>STATEMENT OF FACTS</u>

8.   Mr. Bell's claims arise from an incident that occurred on February 26, 2016, which resulted in him being severely injured.

9.   Mr. Bell's address at the time of the accident was 1899 Creek Line Road, Starkville, MS 39759 and remains the same at the time of filing of this action.

10. On February 26, 2016, Mr. Bell attended the West Tallahatchie/East Webster's girl basketball game held in the West Tallahatchie gymnasium located at 2104 High School Rd, Webb, Mississippi 38966.

11. The gymnasium was extremely crowded and there were no seats available for many of the spectators, especially those from the visiting East Webster School. All the doorways were packed with fans standing all around the gymnasium floor.

12. At the beginning of the third quarter, a guard told Mr. Bell he could no longer stand there and he had to find a seat. The guard reiterated those were the rules and he would have to find a seat or be removed from the premises.

13. Sometime during this conversation another security guard had approached inferring Mr. Bell had become 'smart' or sarcastic in the conversation with the first security guard, as to a discussion of no seating availability.

14. At this time, the 2nd guard attempted to grab Mr. Bell's arm and neck to place Mr. Bell in a choke hold while pulling his shirt over his head.

15. Both security officers were now holding Mr. Bell when a third person approached and tased Mr. Bell, supposedly a Sheriff's deputy.

16. After Mr. Bell was tased, he fell down the steps, face first on the concrete. Mr. Bell's eyes were closed and he was unconscious. While he was facedown and unconscious Mr. Bell was handcuffed by the deputy with assistance of the security guards.

17. After Mr. Bell was apprehended he was placed against a wall in a seated position. Mr. Bell's shirt was wrapped around his head where a gash was bleeding due to the fall.  Mr. Bell's eyes were still closed.

18. The deputy began pulling the tasers ends out from the skin of Mr. Bell.

19. Mr. Bell was then picked up and drug outside at which time an ambulance was called to transport Mr. Bell for immediate medical care.  He was later air-lifted to "The Med" in Memphis, Tennessee for his injuries.

20. On February 26, 2016, four or more TALLAHATCHIE County Sheriff's Deputies, who are John Doe Defendants herein, responded to a call at 2104 High School Rd, Webb, Mississippi 38966.

21.     When these Defendants arrived at that location, they engaged in an altercation with Mr. Randy Lee Bell.  During that altercation, they severely beat Mr. Bell, placed him in hand-cuffs, and delivered electrical shocks to his body via the use of a conducted electrical weapon that had been provided to them by Defendant TALLAHATCHIE County.

22.     As a result of the foregoing, Mr. Bell became unresponsive, and emergency medical personnel responded to the scene.  Upon their arrival, emergency medical personnel transported Mr. Bell for immediate medical care.  He was later air-lifted to "The Med" in Memphis, Tennessee for his injuries.

23.     At all times relevant hereto, Defendant TALLAHATCHIE County was the employer, master, and/or supervisor of the unnamed Defendants involved in the subject incident as described more fully below and is liable for their actions under the doctrine of *respondeat superior*. Additionally, Defendant TALLAHATCHIE County is liable for violations of Mr. Bell's constitutional rights pursuant to 42 U.S.C. § 1983, et seq.

<u>JURISDICTION</u>

24.     Jurisdiction and venue are proper in this Court.  The causes of action alleged herein arise out of actions and/or omissions which occurred and/or accrued, in whole or in part, in TALLAHATCHIE County, Mississippi.

<u>VENUE</u>

25. Venue and jurisdiction are proper in this Court as this is an action arising under the laws of the United States, specifically 42 USC Section 1983 and the Fourth Amendment to the United States Constitution.  This Court also has jurisdiction over the pendent state law claims.

<u>CLAIMS</u>

INTENTIONAL NEGLIGENCE AND OUTRAGEOUS CONDUCT

4

26. The Plaintiff is hereby incorporated by reference and re-alleges the information set forth in the foregoing paragraphs.

27. The Tallahatchie School District, Tallahatchie County, the Office of Sheriff of Tallahatchie County and others or entities whose identities are unknown, negligently engaged in a forced unnecessary altercation which caused the severe injuries to Mr. Bell. As a result of the severe injuries from the negligence of parties herein named, Mr. Bell suffered long lasting health and medical issues.

28. The West Tallahatchie Gymnasium is believed to be owned and operated by the Tallahatchie School District and/or the County of Tallahatchie, Mississippi.

29. The hiring of personnel for school functions, adhering to school district or state athletic rules and regulations along with negligent hiring are all relevant issues not complied with by the Defendants.

30. There was no county, municipal, or school district policy or legal agreement between agencies of government when hiring a municipal full-time Chief of Police by the county to act as a deputy.

31. The Sheriff's Office of Tallahatchie County allowed deputies to act in a negligent manner, while supposedly acting as security, to cause harm to Mr. Bell.

32. The Tallahatchie School District was negligent in hiring security personnel, either public or private officers, not having a proper security protocol, and allowing acts outside normal and standard operating procedures which were all in reckless disregard of the safety and well-being of persons within the premises they controlled.

33. Defendants were responsible for the described hazardous incident allowed and

conducted, including lack of control over security of attendees to the sporting event thereby failing to follow any prescribed high school athletic functions rules, regulations or guidelines.

GROSS NEGLIGENCE

34. The Plaintiff is hereby incorporated by reference and re-alleges the information set forth in the foregoing paragraphs.

35. Defendants should have known the venue capacity and regulated by rules and policies the crowd that was on hand for the event. To not do so is a wanton and callous disregard for the safety of all located within the facility at the time of the event, that was operated in a grossly negligent manner.

36. The use of force in apprehending and tasing of spectators without just cause is a grossly negligent act that caused injury and damage to the Plaintiff.

37. The adherence and allowance of uncontrolled actions by agencies of the state/county institutions led to the injuries complained of by the Plaintiff.

38. The Defendants failed to keep the premises orderly and safe for the paying public to attend such activities as the instant matter. Further, to do so caused Defendants' actions to be taken that were grossly negligent and damaging to the Plaintiff.

PUNITIVE DAMAGES

39. The Plaintiff is hereby incorporated by reference and re-alleges the information set forth in the foregoing paragraphs.

40. Defendants failed to train, supervise, hire and/or have in place procedures and or failed to follow policy guidelines at such events as where the Plaintiff was caused injury and damages.

41. The Defendants have acted in complete disregard for the Plaintiff by acting in a negligent

and/or grossly negligent manner as previously described herein. The actions of the Defendants warrant punitive damages.

42. The Defendants' actions exhibited negligence and/or gross negligence and direct disregard of the Plaintiff. Punitive damages should be awarded against the Defendants' tortuous actions in order that they be punished in order to keep others from acting in such a manner in the future that could cause harm to persons attending sporting events within the jurisdictions of the Defendants.

<u>COUNT I</u>

FAILURE TO ADEQUATELY TRAIN & SUPERVISE LAW ENFORCEMENT OFFICERS –
EXCESSIVE FORCE/USE OF WEAPONS

43. The Plaintiff is hereby incorporated by reference and re-alleges the information set forth in the foregoing paragraphs.

44. Defendant TALLAHATCHIE County is tasked with the non-delegable duty and responsibility to formulate, oversee and implement official policies, procedures, practices and customs to ensure its law enforcement officers are properly trained and supervised. Defendant TALLAHATCHIE County failed to provide adequate and competent training and/or supervision to its law enforcement officers, particularly with regard to the use of force and use of tasers on or before the date in question.

45. As a direct and proximate cause of Defendant TALLAHATCHIE County's failure to properly develop, implement and otherwise devise a policy of adequate police training and or supervision for its law enforcement officers, Mr. Bell suffered severe injuries. If properly trained, supervised and disciplined, every officer within the employ of TALLAHATCHIE

County would have known it was illegal to use their power and authority in the manner they did on the date in question and the damages suffered by the Plaintiff would have been avoided.

46.     Defendant TALLAHATCHIE County's failure to provide adequate warning, reprimanding, training and supervision of its law enforcement officers was so grossly negligent that it amounted to deliberate and blatant disregard for the rights, privileges and immunities of Mr. Bell and any other person or persons similarly situated.  Thus, because of the failure to adequately train and supervise the John Doe Defendants, TALLAHATCHIE County is liable to the Plaintiffs for the damages requested herein.

<u>COUNT II</u>

NEGLIGENT HIRING, RETENTION AND FAILURE TO DISCIPLINE OR TAKE
NECESSARY CORRECTIVE ACTION

47.     The Plaintiff is hereby incorporated by reference and re-alleges the information set forth in the foregoing paragraphs.

48.     Defendant TALLAHATCHIE County was vested with the authority to hire, fire, transfer and discipline its law enforcement employees.

49.     On information and belief, prior to the February 26, 2016, events, individuals complained and reported the illegal acts of TALLAHATCHIE County Sheriff's Deputies to the TALLAHATCHIE County Sheriff's Department for incidents of taser usage and excessive use of force.  The decision by the Defendant TALLAHATCHIE County to hire, retain and not discipline TALLAHATCHIE County law enforcement officers resulted in the creation of an edict, act or hostile environment that allowed for TALLAHATCHIE County law enforcement officers to take the law into their own hands and left excessive opportunity for the abuse of their power over the citizens of TALLAHATCHIE County, Mississippi.  TALLAHATCHIE County law enforcement officers believed they were above the law and could get away with blatant

disregard for human life through the improper use of a taser to subdue citizens. Because of that belief, Defendants utilized excessive force against Mr. Bell, severely injuring him. As a direct and proximate consequence of the negligent hiring, retention and failure to discipline or to take necessary corrective immediate action regarding TALLAHATCHIE County law enforcement officers, TALLAHATCHIE County is liable to the Plaintiff for the damages requested herein.

## COUNT III

## BATTERY

50.     The Plaintiff is hereby incorporated by reference and re-alleges the information set forth in the foregoing paragraphs.

51.     On or about February 26, 2016, the John Doe Defendants inflicted offensive contact to Mr. Bell's person.  The offensive contact was intended to harm Mr. Bell and/or unnecessarily inflict suffering and distress upon his body.

52.     As a direct and proximate consequence of the battery that the Defendants inflicted upon the person of Mr. Bell, he suffered severe injuries.  At all times material to this Amended Complaint, the Defendants acted with wanton and willful reckless disregard for the safety and well-being of Mr. Bell.  Thus the Plaintiff is entitled to a monetary judgment against the Defendants, both known and unknown, jointly and severally, who engaged in or contributed to or otherwise facilitated through their acts of omission or commission the battery and injuries of Mr. Bell.

## COUNT IV

## ASSAULT

53.     The Plaintiff is hereby incorporated by reference and re-alleges the information set forth in the foregoing paragraphs.

54.     The events that give rise to this action created in Mr. Bell a reasonable apprehension that the Defendants, acting independently and in concert with one another, were going to cause him to suffer or sustain immediate harmful or offensive contact to his person.  At all times material to this assault cause of action, Mr. Bell was alive, conscious and fearful of his life. The Defendants acted with reckless disregard for the safety and well-being of Mr. Bell by beating and electrocuting him without justification.

55.     As a direct and proximate consequence of the conduct of the Defendants, the Defendants are jointly and severally liable to the Plaintiff for the assault perpetrated upon Mr. Bell.  At all times material to this Amended Complaint, the Defendants acted with wanton, willful, and/or reckless disregard for the safety and well-being of Mr. Bell.  Thus the Plaintiff is entitled to a money judgment against the Defendants who engaged in or contributed to or otherwise facilitated through their acts of omission or commission the illegal assault that was inflicted upon Mr. Bell.

<u>COUNT V</u>

CIVIL CONSPIRACY

56.     The Plaintiff is hereby incorporated by reference and re-alleges the information set forth in the foregoing paragraphs.

57.     On the date in question, the Defendants, acting in concert with one another, entered into an agreement, expressly or by implications, through their participation in or condoning of the assault, battery and other actions complained of by Plaintiff, to engage in conduct that was wrongful, intentional, willful and wanton and designed to inflict upon Mr. Bell certain harm, suffering and pain.  The Defendants' agreement to engage in or allow persons

under their supervision and control to engage in such conduct was illegal and amounted to a civil conspiracy against Mr. Bell.

58.     As a direct and proximate consequence of the conduct of the aforementioned Defendants, both known and unknown, the Defendants are jointly and severally liable to the Plaintiff for the civil conspiracy to engage in conduct they knew or reasonably knew should have known was against the law and public policy of this State when the same manifested itself against the interests of Mr. Bell.  At all times material to this Amended Complaint, the Defendants acted with wanton, willful, and/or reckless disregard for the safety and well-being of Mr. Bell.  Thus the Plaintiff is entitled to a money judgment against the Defendants who engaged in or contributed to or otherwise facilitated through their acts of omission or commission this civil conspiracy against Mr. Bell.

## COUNT VI

### NEGLIGENT AND INTENTIONAL INFLICTION OF EMOTION DISTRESS

59.     The Plaintiff is hereby incorporated by reference and re-alleges the information set forth in the foregoing paragraphs.

60.     The Defendants' conduct was designed not only to inflict physical pain, suffering, and severe injuries and damages upon Mr. Bell, but also to inflict emotional and mental anguish and distress upon Mr. Bell. The manner, method and design of the Defendants' conduct caused the Plaintiff to endure emotional and mental distress and anguish during the event in question and on to this present day and into the future.  To the extent the Defendants' actions were negligent and not intentional, they had the reasonably foreseeable effect of inflicting said emotional and mental distress and anguish upon the Plaintiff.

11

61.    As a direct and proximate consequence of the outrageous conduct of the Defendants, the Defendants are jointly and severally liable to the Plaintiff for the negligent and intentional infliction of emotional distress and mental anguish inflicted on the Plaintiff.  At all times material to this Amended Complaint, the Defendants acted with wanton and willful reckless disregard for the safety and well-being of Mr. Bell, and the Plaintiff is entitled to a money judgment against the Defendants for the same.

COUNT VII

FALSE ARREST / FALSE IMPRISONMENT

62. The Plaintiff is hereby incorporated by reference and re-alleges the information set forth in the foregoing paragraphs.

63. The Defendants were at all times acting under the color of law.

64. The Fourth Amendment to the United States Constitution protects individuals from false arrest.  Section 1983 is the vehicle in which the Plaintiff may bring a claim for violations of his Fourth Amendment rights.

65. In this case, there was absolutely no probable cause to arrest Randy Bell.  These actions were outrageous and entirely unreasonable under the circumstances. As a result of this violation of his constitutional rights, Mr. Bell has suffered extreme emotional damages.

66. The individual deputy sheriffs are individually liable for their outrageous and unreasonable actions in arresting Bell.

67. The governmental entity, Tallahatchie County, is also liable since Bell's arrest was carried out pursuant to a policy or custom of the Tallahatchie County Sheriff's Department and said policy or custom was the moving force behind the constitutional violation.  Tallahatchie

County is also liable for the actions of its requisite policymaker, Sheriff William L. Brewer, Jr., who implemented the policy at issue and played a role in the arrest of Randy Lee Bell.

<u>COUNT VIII</u>

ACTION FOR DEPREVATION OF CIVIL RIGHTS
(42 U.S.C. SECTION 1983)

68.     The Plaintiff is hereby incorporated by reference and re-alleges the information set forth in the foregoing paragraphs.

69.     At all times material hereto, the Defendants were vested with authority and the non-delegable responsibility and the duty of adhering to, complying with, and enforcing the laws of the United States of America and the State of Mississippi.  Consequently, while acting under the color of state law, the Defendants implemented a policy, usage, plan or widespread practice or custom wherein the rights, privileges or immunities of Mr. Bell were violated.  Specifically, the Defendants, jointly and severally, were engaged in a course of conduct that resulted in the violation of the Plaintiff's rights under the Constitution of the United States of America and the corresponding provisions of the Constitution of the State of Mississippi, including, but not limited to, the right to be free from unreasonable search and seizure pursuant to the Fourth and Fourteenth Amendments to the Constitution of the United States of America, the right to procedural and substantive due process of the law pursuant to the Fifth and Fourteenth Amendments to the Constitution of the United States of America, and the right against cruel and unusual punishment as set forth in the Eight Amendment of the Constitution of the United States of America.  The violations complained of in this Amended Complaint include, but are not limited to, the use of excessive force, deprivation of identifiable civil rights, and the unnecessary and wanton infliction of pain and inhuman torture in light of the circumstances confronted by Mr. Bell, all of which resulted in sufficiently serious deprivations wherein the Defendants acted

maliciously and with wanton, willful, and/or reckless disregard for the Plaintiff's safety and well-being by using actions designed and intended to cause Mr. Bell physical, mental and emotional harm and/or pain all of which caused or contributed to his injuries.

70.     As a direct and proximate consequence of the Defendants' actions, the Plaintiff was deprived of certain rights, privileges and immunities secured by the Constitution of the United States of America, the laws of this Nation, and the constitution and laws of the State of Mississippi.  Specifically, the Plaintiff's Fifth and Fourteenth Amendment rights to procedural and substantive due process and to the equal protection of the laws were violated by the Defendants together with his Eighth Amendment rights proscribing cruel and unusual punishment resulting in severe injuries and damages.

71.     At all times material hereto, the Defendants acted pursuant to the policies, regulations, and decisions officially and unofficially adopted or promulgated by those persons whose acts may fairly be said to represent the official policy of or were pursuant to a governmental custom, usage or widespread practice or custom of TALLAHATCHIE County.

72.     It is further averred that unknown supervisory officials of the TALLAHATCHIE County Sheriff's Department were the governmental officials whose edicts or acts may be fairly said to represent official policy, practices, customs or regulations of TALLAHATCHIE County. These officials developed, planned and implemented the policy, custom and/or usage that results in and led to the foreseeable use of police actions by the John Doe Defendants which caused the damages to Mr. Bell.

73.     The Fourth Amendment to the United States Constitution protects individuals from false arrest.  In this instance there was no probable cause to detain, arrest, or subject the

14

Plaintiff to a tasing/stun gun incident as described herein. The actions of the Defendants were outrageous, improper, illegal and unreasonable.

74.     Any detention of Mr. Bell was at all times unlawful, and holding him down and placing him in restraints occurred without his consent.

75.     As a direct and proximate consequence of the Defendants' conduct wherein such Defendants deprived the decedent of certain rights guaranteed by the Constitution of the United States of America, Mr. Bell suffered immediate and irreparable suffering to his person resulting in the deprivation of his constitutional rights, privileges and immunities and ultimately causing his injuries. While being battered by the John Doe Defendants, Mr. Bell experienced extreme pain, suffering, humiliation, fear for his life, mental distress and severe emotional anguish.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon the filing of this Amended Complaint that this Honorable Court will set this matter for a full and complete trial by jury on the merits and upon completion of the same, enter a judgment requiring the modification of TALLAHATCHIE County law enforcement training and practices, and granting damages for the following:

        a.  Permanent emotional injury;

        b.  Pain and suffering;

        c.  Economic damages;

        d.  Loss of enjoyment of life;

        e.  Past, present and future emotional distress and mental anguish;

        f.  Court costs;

        g.  Pre- and post-judgment interest;

h.   Attorney's fees pursuant to the ADA and 42 U.S.C. § 1988;

i.   Any and all out of pocket expenses;

j.   All other damages of every kind to the Plaintiff to which they are entitled by law; and

k.   All damages shown by the evidence introduced in this case, including compensatory damages and punitive damages to deter Defendants from exhibiting, conducting and continuing to use such actions as described herein upon persons within TALLAHATCHIE County, particularly as to taser usage on citizens.

Respectfully submitted, this the 23rd day of April, 2019.


By:   RANDY LEE BELL


/s/ Bobby Moak_____
Bobby Moak, MS Bar No. 9915

Counsel for the Plaintiff:

Mr. Bobby Moak, MSB #9915
Law Offices of Bobby Moak, P.C.
P.O. Box 2422
402 Monticello Street
Bogue Chitto, Mississippi 39629
Tel. (601) 734-2566
E-mail bobbymoak402@att.net