IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF MISSISSIPPI

OXFORD DIVISION

**RANDY LEE BELL, Individually**                                                                          **PLAINTIFF**

v.                                                                   **CIVIL ACTION NO. 3:19-CV-036-MPM-RD**

**TALLAHATCHIE COUNTY, MISSISSIPPI**
**WEST TALLAHATCHIE SCHOOL DISTRICT;**
**TALLAHATCHIE SHERIFF'S DEPARTMENT;**
**AND JOHN DOES 1-10**                                                    **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This cause comes before the Court on the motion of Defendant West Tallahatchie School District's (hereinafter "The School District") motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), and Local Rule 7(b)(4). Plaintiff has responded in opposition to the motion, and the Court, having considered the memoranda and submissions of the parties, is now prepared to rule.

**Facts**

The present civil action arises from a set of events which occurred on February 26, 2016 leading to both civil and criminal actions in the Circuit Court of Tallahatchie County, Mississippi. The state court issued a summary judgment opinion that resulted in plaintiff Randy Bell's (hereinafter "Bell") civil complaint being dismissed with prejudice. Bell then filed the present civil action with this Court.

On February 26, 2016, Bell attended the West Tallahatchie vs. East Webster girls' basketball game in the West Tallahatchie gymnasium to watch his daughter play. The gym being overcrowded, many spectators, including Bell, were forced to stand to watch the game. Bell was standing near the bleachers assigned to his team, when at the start of the third quarter, a guard told Bell he could no longer stand where he was and that he would have to find a seat in the overcrowded bleachers or leave the gymnasium. Bell did not wish to move or leave and expressed his wishes to multiple security guards. His decision ultimately led to an altercation with a Tallahatchie County Sheriff's Deputy who "tased"

him and dragged him outside, where apparently injured, he required medical treatment and was later airlifted to Memphis for additional care.

Bell was later indicted by a grand jury for his actions in the altercation. He entered an *Alford* plea to the charge of simple assault on a law enforcement officer, in violation of Miss. Code Ann. section 97-3-7(1). The state court advised Bell that the *Alford* plea was a guilty plea, for the purposes of his hearing, and Bell confirmed that he understood.

On August 8, 2017, Bell filed a complaint in state court against the School District, Tallahatchie Sheriff's Department, the City of Drew, Tallahatchie County, Drew Police Department, and John Does 1-10 (the unknown persons involved in the altercation). Bell's civil action filed in state court presented the following claims: intentional negligence and outrageous conduct; gross negligence; negligent hiring, retention, and failure to discipline or take necessary corrective action; and punitive damages. The School District filed a summary judgment motion against Bell, using his *Alford* plea as evidence against his claims. After consulting with counsel, the state court dismissed Bell's claims against all Defendants with prejudice.

The civil action filed in this Court presents the following claims: intentional negligence and outrageous conduct; gross negligence; punitive damages; failure to adequately train and supervise law enforcement officers – excessive force/use of weapons; negligent hiring, retention and failure to discipline or take necessary corrective action; battery; assault; civil conspiracy; negligent and intentional infliction of emotional distress; false arrest/false imprisonment; and action for deprivation of civil rights (42 U.S.C. Section 1983).

**Discussion**

The School District argues that Bell's claims should be dismissed for lack of subject-matter jurisdiction under Federal Rules of Civil Procedure (12)(b)(1) because they are barred due to the *Rooker-Feldman* doctrine, res judicata, and collateral estoppel. Bell disagrees. The Court addresses each of these arguments in turn.

2

**A. Rooker-Feldman Doctrine**

The *Rooker-Feldman* doctrine gets its name from two Supreme Court cases, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 283 (2005). In both the *Rooker* and *Feldman* cases, the Court held that federal district courts did not have jurisdiction to review state court decisions. *Id.* at 283-84. Consistent with the Supreme Court rulings, the Fifth Circuit has held that "federal district courts lack jurisdiction to entertain collateral attacks on state court judgments" *Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994). For purposes of the *Rooker-Feldman* doctrine, a state court judgment is attacked "when the claims are 'inextricably intertwined' with a challenged state court judgment," *Richard v. Hoechst Celanese Chem. Grp., Inc.*, 355 F.3d 345, 350 (5th Cir. 2003) or when the state court loser seeks "what in substance would be appellate review of the state judgment." *Weaver v. Tex. Capital Bank, N.A.*, 660 F.3d 900, 904 (5th Cir. 2011) (quoting Johnson v. De Grandy, 512 U.S. 997, 1005-06 (1994)).

The Supreme Court later clarified in *Exxon Mobil Corp. v. Saudi Basic Industries Corp.* that *Rooker-Feldman* is limited to cases brought by "state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced." *Id.* at 284. The Supreme Court also narrowed the doctrine by stating: "*Rooker-Feldman* does not otherwise override or supplant preclusion doctrine or augment the circumscribed doctrines that allow federal courts to stay or dismiss proceedings in deference to state-court actions." *Id.* In light of *Exxon*, the Fifth Circuit announced that for *Rooker-Feldman* to apply, four elements must be met: "(1) a state-court loser; (2) alleging harm caused by a state-court judgment; (3) that was rendered before the district court proceedings began; and (4) the federal suit requests review and reversal of the state-court judgment." *Houston v. Venneta Queen*, 606 Fed.Appx. 725, 730 (5th Cir. 2015).

Bell argues in his response that the *Rooker-Feldman* doctrine does not apply to his case because all four elements of the test set forth in *Houston* are not met. Bell stipulates that he is a state court loser and that the state court decision was rendered before he filed suit in district court, but he maintains that he

3

is not "alleging harm caused by a state-court judgment," nor does his "federal suit request review and reversal of the state-court judgment." [37]

Bell doesn't specifically state that he was harmed by his state-court judgment, nor does he ask for review or reversal of the state-court judgment. However, he is attempting to relitigate the same claims brought forth in the state action and is essentially asking for both a reversal and a review. Bell is in essence asking this Court to review the claims that have already been filed in state court. Not only are Bell's claims "inextricably intertwined," several of his claims are identical to his state court claims.

Bell relies on *Skinner v. Switzer*, which held that the *Rooker-Feldman* doctrine does not apply if the "plaintiff present[s] [an] independent claim, it is not an impediment to the exercise of federal jurisdiction that the same or a related question was earlier aired between the parties in state court." *Skinner v. Switzer*, 562 U.S. 521 (2011) (internal quotations omitted). The plaintiff in Skinner, was convicted for murder. After his conviction, Texas enacted a statute that allowed prisoners post-conviction DNA testing if one of two threshold requirements were met. *Id.* at 527. Skinner moved for DNA testing twice in state court, and both motions were denied. *Id.* He then filed an action in federal court under section 1983. In federal court, Skinner did not challenge his decisions in state court, but instead challenged the constitutionality of the Texas statute. *Id.* at 530. Therefore, the Supreme Court found that the *Rooker-Feldman* doctrine did not apply. Bell does not argue the constitutionality of a statute; he instead attempts to relitigate his state court claims.

This Court finds the following claims to be dismissed under the *Rooker-Feldman* doctrine: intentional negligence and outrageous conduct; gross negligence; negligent hiring, retention, and failure to discipline or take necessary corrective action; and punitive damages. Each claim was litigated and dismissed with prejudice by the state court in its final judgment. Thus, this Court does not have jurisdiction to hear these claims as they are barred by the *Rooker-Feldman* doctrine.

   B. **Res Judicata and Collateral Estoppel**

The doctrine of res judicata bars parties from "relitigating issues that were or could have been raised" in a prior action. *Allen v. McCurry*, 449 U.S. 90 (1980). "[R]es Judicata encompasses two separate

but linked preclusive doctrines: (1) true res judicata or claim preclusion and (2) collateral estoppel or issue preclusion." *Comer v. Murphy Oil USA, Inc.*, 718 F.3d 460, 466-67 (5th Cir. 2013). "[C]ollateral estoppel, unlike the broader doctrine of res judicata, applies only to questions actually litigated in a prior suit, and not to questions which might have been litigated*." Dunaway v. W.H. Hopper & Assoc.*, 422 So. 3d 749, 751 (Miss. 1982).

The Fifth Circuit has held that "[t]o determine the preclusive effect of a state court judgment in a federal action, 'federal courts must apply the law of the state from which the judgment emerged.'" *Black v. N. Panola School Dist.*, 461 F.3d 584, 587 (5th Cir. 2006). Therefore, Mississippi law applies.

Mississippi requires the presence of four elements for res judicata to apply: "(1) identity of the subject matter of the action, (2) identity of the cause of action, (3) identity of the parties to the cause of action, and (4) identity of the quality or character of a person against whom the claim is made." *Anderson v. LaVere*, 895 So. 2d 828, 832 (Miss. 2004). Additionally, "the prior judgment also must be final and on the merits." *Id.* at 832-33.

Bell argues that res judicata does not apply because the second and fifth elements are not met – first, that the identity of the cause of action is not the same and also that his prior final judgement on the section 1983 claim was not adjudicated on the merits. Bell maintains that because his state action arose out of the Mississippi Torts Claim Act, and his action in this Court is based on section 1983 of the United States Code, the cause of action is not the same. "Cause of action" has been defined by the Mississippi Supreme Court "as the underlying facts and circumstances upon which a claim has been brought." *Clark v. Neese*, 262 So. 3d 1117 (Miss. 2019). When determining the identity of the cause of action, courts should "look past the legal bases asserted and rely more on the factual and transactional relationship between the original action and the subsequent action. *Id.* (quoting *Hill v. Carroll Cty*., 17 So.3d 1081, 1086).

In Bell's case, the "underlying facts and circumstances" are the same. Both actions were a direct result of his altercation at the basketball gym on February 26, 2016. Although the action in this Court includes a section 1983 claim, while the state court action did not, both claims are derived from the same

5

event – Bell was "tased" by Officer Tyler, dragged outside, and suffered injuries as a result. As noted by the Mississippi Supreme Court in *Hill v. Carroll County*, "[t]his event provides several possible theories of recovery, but only one cause of action." *Hill v. Carroll Cty.*, 17 So. 3d 1081 (Miss. 2009). Therefore, both claims share the same "cause of action," and the second element of res judicata is met.

Bell does not argue that his state court action was not final and adjudicated on the merits; he argues that because his new claims are brought under section 1983, they were not adjudicated at all. He further adds that his section 1983 claim is not barred because "the merits of whether the Defendants used excessive force against Mr. Bell under a section 1983 cause of action were never litigated by the state-court." [33]. However, Mississippi law does not require that the final judgment from the state court include all the claims brought in the second action. "[W]here res judicata lies it bars litigation in the second action of all grounds for, or defenses to, recovery that were available to the parties regardless of whether they were asserted or determined in the prior proceeding." *Johnson v. Howell*, 592 So. 2d 998 (Miss. 1991) (quotations omitted). The Fifth Circuit has held that section 1983 claims can be brought in state court. *Sims v. City of Madisonville*, 894 F.3d 632 (5th Cir. 2018). "Federal jurisdiction over section 1983 is concurrent, not exclusive." *Home Builders Ass'n of Miss. v. City of Madison*, 143 F.3d 1006, 1013 (5th Cir. 1998).

Further, Bell's claims in state court resulted in an agreed dismissal with prejudice by both parties. The Fifth Circuit has held that a dismissal with prejudice is a final judgment on the merits. *See*, *Brooks v. Raymond Dugat Co. L C*, 336 F.3d 360, 362 (5th Cir. 2003); *Schwarz v. Folloder*, 767 F.2d 125, 130 (5th Cir. 1985). "Although there has not been an adjudication on the merits in the sense of a weighing of facts, there remains the fact that a dismissal with prejudice is deemed an adjudication on the merits for the purposes of res judicata." *Anthony v. Marion County General Hospital*, 617 F.2d 1164, 1169-70 (5th Cir. 1980). The Mississippi Court of Appeals has also noted that a dismissal with prejudice is considered a final judgment. *Garcino v. Noel*, 100 So. 3d 470, 477 (Miss. Ct. App. 2012). Because Bell agreed to a voluntary dismissal with prejudice, his state court claims are considered adjudicated on the merits for purposes of res judicata.

Bell could have brought his section 1983 claims in his state court action, along with his additional state tort claims including: failure to adequately train and supervise law enforcement officers – excessive force/use of weapons; battery; assault; civil conspiracy; negligent and intentional infliction of emotional distress; false arrest/false imprisonment. Res judicata not only bars claims that have already been litigated, but it also bars claims that *could* have been litigated. Because Bell's claims in this court meet each element of res judicata, including the identity of the cause of action and a final judgment adjudicated on the merits of the claims raised in the state court, res judicata bars the remaining claims: failure to adequately train and supervise law enforcement officers – excessive force/use of weapons; battery; assault; civil conspiracy; negligent and intentional infliction of emotional distress; false arrest/false imprisonment; action for deprivation of civil rights (42 U.S.C. § 1983).

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss is **GRANTED**.

This the 18th day of February, 2020.

/s/ Michael P. Mills
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**